RECEIVED BY MAIL
NOV 07 2011
CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| TROY K. SCHEFFLER,<br><br>Plaintiff,<br><br>v.<br><br>JACK MOLIN,<br>In his individual capacity acting under color of law as a building inspector and employee of the City of Crystal, Minnesota,<br><br>and<br><br>CITY OF CRYSTAL,<br>A political subdivision of the state of Minnesota,<br><br>Defendants. | Case File No. _____/___<br><br>11-3279 JNE/JJK<br><br>**COMPLAINT – JURY DEMANDED** |

## Introduction

Plaintiff Troy K. Scheffler, an adult individual and citizen of Minnesota, sues Mr. Jack Molin for actions under color of law as a building inspector and employee of the City of Crystal, Minnesota, constituting infringement of Mr. Scheffler's clearly established rights of freedom of speech and petition of government for redress of grievances under the First and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983. Mr. Scheffler sues Mr. Molin and his employer, the City of Crystal, Minnesota, for supplemental claims of defamation in violation of Mr. Scheffler's rights under the common law of the state of Minnesota. Mr. Scheffler demands trial by jury.

SCANNED NOV 07 2011 U.S. DISTRICT COURT MPLS

1

## A. SUBJECT MATTER JURISDICTION

1. Plaintiff states claims that arise under the Constitution and laws of the United States.

2. 28 U.S.C. §§ 1331 and 1343(a)(4) vest subject matter jurisdiction in this court.

3. Plaintiff states supplemental claims under the laws of Minnesota.

4. 28 U.S.C. § 1367 vests this court with supplemental jurisdiction over claims under Minnesota law.

## B. VENUE

5. The substantial number of events giving rise to this lawsuit took place in the City of Crystal, Hennepin County, Minnesota.

6. Plaintiff lays venue in the District Court of Minnesota, Fourth Division, in accordance with 28 U.S.C. § 1291 and LR D. Minn. 83.11.

## C. THE PARTIES

7. Plaintiff Troy K. Scheffler (Scheffler, Mr. Scheffler, plaintiff) is an adult individual residing and domiciled in the state of Minnesota.

8. Defendant John Molin (Molin, Mr. Molin) is an adult individual.

9. At all times relevant to this lawsuit, Mr. Molin acted under color of law in his capacity as a building inspector and employee of the City of Crystal, Minnesota.

10. Mr. Molin is sued in his individual capacity.

11. Defendant City of Crystal (Crystal, City) is a political subdivision of the state of Minnesota, with its seat of government located at 4141 Douglas Avenue, Crystal, Hennepin County, Minnesota 55422.

12. At all times relevant to this lawsuit, Mr. Molin acted in the course and scope of his employment by the City of Crystal.

13. Crystal is responsible for all actions of Mr. Molin that breach Minnesota law on account of *respondeat superior*.

**D. THE FACTS**

14. On 3 October 2008, Mr. Scheffler drove to Crystal City Hall to investigate the issuance of a "red tag stop work" order by a Crystal building inspector upon a property at 6311 Corvallis, Crystal, MN, that was owned by one Mr. Bohn.

15. Mr. Scheffler took this action upon request of Mr. Bohn and subsequent information supplied by one Mr. John Egan, a licensed plumber whom Mr. Scheffler recommended to the owner(s) of the property.

16. On 3 October 2008, Mr. Egan had communicated to Mr. Scheffler that while Mr. Molin had issued a permit for plumbing work on the property, Mr. Molin performed a cursory inspection of the plumbing work to be done, proceeded to make an inspection of other areas of the house beyond the scope of the permit and without the consent of the owner(s), and had conducted himself in a rude and disrespectful manner toward Mr. Egan.

17. Mr. Scheffler then visited 6311 Corvallis, found the red tag on the property with the notations "stop work" and "interior alterations" written on the tag.

18. Mr. Scheffler found an illegible signature on the red tag.


19. When Mr. Scheffler arrived at Crystal City Hall, he spoke with a woman employee and inquired as to where he should go to address the matter of the building permits on 6311 Corvallis.

20. The woman employee informed Mr. Scheffler that he was in the right place.

21. She then asked what kind of permit was needed.

22. Mr. Scheffler then told her that the tag just stated "Interior Alterations".

23. Mr. Scheffler added that the property already had permits pulled for plumbing, siding, and windows.

24. The woman at the front desk then began to try and figure out what was going on by pulling the property up on her computer.

25. The woman employee was unable to figure anything out.

26. She then asked Mr. Scheffler if he knew who the inspector's identity.

27. He then told her that the name was illegible on the stop work order.

28. She then called to see if there was an inspector on the premises.

29. After the woman in front called to find an inspector, Mr. Molin approached the desk.

30. The woman then asked if he knew what was happening at 6311 Corvallis.

31. Mr. Molin, without warning or provocation, immediately began yelling at Mr. Scheffler.

32. Mr. Scheffler tried to explain to Mr. Molin that he was a friend of the owner and that he otherwise had nothing to do with the property.

33. Mr. Molin continued and spoke angrily at Mr. Scheffler.

34. Mr. Molin accused him of living at the property unlawfully.

35. Mr. Molin vocally called Mr. Scheffler a "criminal", "because there are rental and building code laws that would make [Mr. Scheffler] a criminal.

36. Mr. Scheffler did not live at 6311 Corvallis.

37. Mr. Molin's accusation that Mr. Scheffler lived at the Corvallis property was false.

38. Mr. Molin's accusation of Mr. Scheffler being a criminal was false.

39. On information and belief, after reasonable inquiry into the underlying facts, Mr. Molin's communicated accusation of Mr. Scheffler as a "criminal" in breach of rental and building code laws was made with actual malice, and/or with reckless disregard of the facts.

40. Mr. Molin communicated his accusation of "criminal" in the presence of four Crystal employees, whom Mr. Scheffler learned, after communication to him by Crystal City Clerk Janet Lewis, were Jenny Gooden, Tracy Thorstenson, Gail Van Krevelen, and Jessie Hofseth

41. Mr. Scheffler urged Mr. Molin to calm down and stop yelling.

42. Mr. Scheffler reiterated that he was strictly a non-invested 3rd party that was merely doing a favor for the property owners.

43. Mr. Scheffler asked Mr. Scheffler to calm down and just help plaintiff figure out what permit needed to get pulled to rectify the stop work order.

44. Mr. Scheffler informed Mr. Molin that numerous permits had already been pulled so there wasn't an issue of non-cooperation with the City.

45. Mr. Molin repeated his accusation of Mr. Scheffler being a criminal.

46. At that point, Mr. Scheffler stated to Mr. Molin that it was an outrage that he would accuse him or anyone else as such.

47. Mr. Molin then replied, "Oh yeah, wait right there".

48. At this point Mr. Molin walked into the lobby with an air of intimidation and said "Come with me, I have something to show you".

49. Mr. Scheffler followed him to the front door, at which point he physically forced plaintiff out arrogantly, saying "Goodbye!".

50. After approximately 30 seconds of shock, Mr. Scheffler realized that a grown adult city official had employed a trick to throw him out of City Hall.

51. Notwithstanding his embarrassment, Mr. Scheffler re-entered the front door and again approached the woman at the front desk.

52. Plaintiff asked the woman at the front desk if the city had any sort of form or policy on filing a complaint against a city employee.

53. The woman then began to rummage through her desk in response to plaintiff's request.

54. At this point, Mr. Molin observed that Mr. Scheffler was back at the front, approached Mr. Scheffler, and asked, "Why are you back?"

55. Mr. Scheffler calmly informed that he was there to file a complaint against him.

56. Mr. Molin then yelled at the front desk attendant to call the police.

57. After a stunned look and a few more intimidating demands to call the police, she did.

58. Mr. Scheffler stated to her, "Look, I just want whatever you have to file a complaint and I will leave."

59. The woman at the front desk then gave to Mr. Scheffler the business card of Molin's supervisor, Mr. Patrick Peters.

60. The woman added that he [Mr. Peters] would be able to assist me in the complaint procedure.

61. Mr. Scheffler then left.

62. Mr. Scheffler immediately walked next door to the police station and informed personnel on duty that they may be looking for him.

63. Mr. Scheffler was approached by Sergeant Steve Holm.

64. Sergeant Holm asked Mr. Scheffler to explain what happened.

65. After Mr. Scheffler recounted the details of the transactions with Mr. Molin, Sergeant Holm directed Mr. Scheffler to stay seated until he came back.

66. Mr. Scheffler complied with Sergeant Holm's direction.

67. Mr. Scheffler experienced panic and fear subsequent to Sergeant Holm's instructions.

68. As set forth in Mr. Scheffler's notice of claim, Mr. Scheffler has a history of anxiety issues and serious panic attacks that has required extensive medical and thereputic attention.

69. Mr. Scheffler feared that the city employees present would corroborate a false story as to what happened and expose him to disorderly charges due to the police being involved.

70. Mr. Scheffler received no citation, summons, or complaint for disorderly conduct or any similar infraction.

71. After Mr. Scheffler waited approximately 15 minutes, Sergeant Holm came back into the department and handed Mr. Peters' business card to Mr. Scheffler.

72. Sergeant Holm informed Mr. Scheffler that he (Sergeant Holm) had spoken with Mr. Peters and that Mr. Peters expressed interest in Mr. Scheffler filing a complaint.

73. Sergeant Holm then communicated to Mr. Scheffler that he had spoken with a few women that were present, including the woman at the front desk.

74. Sergeant Holm informed Mr. Scheffler that the women informed him that Mr. Scheffler had done nothing wrong and that Mr. Molin was "completely out of line."

75. Sergeant Holm added that he had previously been called to a similar incident involving Mr. Molin and that Mr. Molin even yelled at him.

76. Sergeant Holm urged Mr. Scheffler to file a complaint.

77. Mr. Scheffler then left the police station.

78. Shortly after the incident, Mr. Scheffler telephoned the City and spoke with the City Clerk, Ms. Janet Lewis.

79. Ms. Lewis informed Mr. Scheffler that there were four witnesses present during the incident with Molin: city employees by the names of Jenny Gooden, Tracy Thorstenson, Gail Van Krevelen, and Jessie Hofseth.

80. Mr. Molin, acting under color of law as a building inspector of the City of Crystal, denied Mr. Scheffler his right to petition for redress of grievances while seeking access to services of the City of Crystal, by throwing Mr. Scheffler out of City Hall.

81. Mr. Molin, acting under color of law as a building inspector of the City of Crystal, retaliated against Mr. Scheffler for peacefully communicating a complaint against Mr. Molin, by threatening criminal action against Mr. Scheffler.

82. Mr. Scheffler caused service of a notice of claim against Mr. Scheffler and the City of Crystal in accordance with Chapter 466 of the Minnesota Statutes, on or about 9 October 2008.

83. As of the date of Mr. Scheffler's Notice of Claim against Mr. Molin and the City of Crystal, viz., 9 October 2008, Mr. Molin had not identified the permits that Mr. Bohn needed to proceed with the work upon 6311 Corvallis.

84. As of the date of Mr. Scheffler's Notice of Claim, progress on improvement of 6311 Corvallis was delayed by Mr. Molin's refusal to deal reasonably with Mr. Scheffler.

85. The false accusations by Mr. Molin, and the entire interaction with Mr. Molin, inflicted severe emotion distress upon Mr. Scheffler, embarrassed Mr. Scheffler, and damaged Mr. Scheffler's relationship with Mr. Bohn.

**CLAIM I: U.S. CONST. AMEND. I AND XIV, PROTECTED THROUGH 42 U.S.C. § 1983**

86. Plaintiff realleges and reasserts each and every claim and averment above.

87. Defendant Jack Molin, in his individual capacity acting under color of law as an employee of the City of Crystal, violated plaintiff Troy K. Scheffler's clearly established right of petition for redress of grievances to civil government authorities under the First and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983.

88. Defendant Jack Molin inflicted damages upon plaintiff.

## CLAIM II: U.S. CONST. AMEND. I AND XIV, PROTECTED THROUGH 42 U.S.C. § 1983.

89. Plaintiff realleges and reasserts each and every claim and averment above.

87. Defendant Jack Molin, in his individual capacity acting under color of law as an employee of the City of Crystal, violated plaintiff Troy K. Scheffler's clearly established right of freedom of speech and petition of government for redress of grievances by threatening criminal prosecution, in retaliation for Mr. Scheffler's complaint against Mr. Molin.

90. Mr. Molin inflicted damages upon Mr. Scheffler.

## CLAIM III: DEFAMATION

91. Plaintiff realleges and reasserts each and every claim and averment above.

92. Defendant Jack Molin, in his individual capacity, defamed Mr. Scheffler *per se* by accusing him a being a "criminal", in breach of "building and rental codes", in the presence of four other individuals employed by the City of Crystal, on or about 3 October 2008 in Crystal City Hall, Crystal, Minnesota.

93. Mr. Molin inflicted damages upon Mr. Scheffler.

## CLAIM IV: DEFAMATION

94. Plaintiff realleges and reasserts each and every claim and averment above.

95. Defendant City of Crystal, on account of the conduct Jack Molin, in the course and scope of his employment as a City of Crystal employee, by virtue of *respondeat superior*, defamed Mr. Scheffler *per se* by accusing him a being a "criminal", in breach of "building and rental codes", in the presence of four other

individuals employed by the City of Crystal, on or about 3 October 2008 in Crystal City Hall, Crystal, Minnesota.

93. The City of Crystal inflicted damages upon Mr. Scheffler.

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

A. Entry of judgment against the defendants, jointly and severally;

B. General damages against the defendants, jointly and severally, in excess of $30,000, or such sum as the jury shall award;

C. Punitive damages against Mr. Molin in his individual capacity, acting under color of law, for violation of plaintiff's First and Fourteenth Amendment rights of freedom of speech and petition of government for redress of grievances, in excess of $50,000, or such sum as the jury shall award;

D. Costs and disbursements in accordance with law;

E. Expert witness fees in accordance with 42 U.S.C. § 1988, or other applicable law;

F. Reasonable attorney fees in accordance with 42 U.S.C. § 1988; and

G. All other legal, equitable, or declaratory relief against the defendants, jointly and severally, appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

## VERIFICATION

Having reviewed the above complaint, plaintiff Troy K. Scheffler affirms under penalty of law that all statements above, excluding those made on information and belief, are true to the best of plaintiff's present knowledge.

Date: 11-04-2011

Troy K. Scheffler
965 104th Ave NW
Coon Rapids, MN 55433
763-225-7702

STATE OF MINNESOTA  )
                    ) SS.
COUNTY OF Anoka     )

Subscribed and affirmed before me this 4th day of November, 2011.

_____
Notary Public

ABDUL S TABBASUM
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2015

U.S. POSTAGE
COON RAPIDS, MN
55448
NOV 04, 11
AMOUNT
$1.48
00069579-08



55415



1000

RECEIVED
BY MAIL
NOV 07 2011
CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

US District Court
Clerk of Court
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

Troy Sch(?)
965 104th Ave NW
Coon Rapids, MN 55433