UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Troy K. Scheffler,                                    Court File No. 11-cv-03279-JNE-JJK

               Plaintiff,
                                              **ANSWER**

vs.

Jack Molin and City of Crystal, Minnesota,

               Defendants.

---

Defendants Jack Molin and City of Crystal ("Defendants"), for their Answer to Plaintiff's Complaint, state and allege as follows:

1.      Defendants deny each and every allegation, matter, thing and inference contained in Plaintiff's Complaint except as expressly admitted, qualified, or otherwise pleaded herein.

2.      In response to Introduction, Defendants admit only to the extent that Plaintiff claims the allegations contained therein and seeks relief by this action.  Defendants specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983, and further deny Plaintiff sustained a deprivation of rights or constitutional injuries. Defendants deny that this Court has supplemental jurisdiction over Plaintiff's state law tort claims and specifically deny Plaintiff's claims of defamation and deny that Plaintiff is entitled to any relief.

3.      In response to Paragraph 1, Defendants admit only to the extent that Plaintiff claims the allegations. Defendants specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983, and further deny Plaintiff sustained a deprivation of rights or constitutional injuries.

4.      In response to Paragraphs 2 and 4, Defendants admit the existence of 28 U.S.C. §§ 1331 and 1343 (a)(4) and 28 U.S.C. 1367 and further state they speak for themselves. Defendants deny the remaining allegations.

5.      In response to Paragraph 3, Defendants deny that Plaintiff has a cognizable state tort claim and that he sustained any injuries or damages as a result of Defendants' actions or inactions.

6.      In response to Paragraph 5, Defendants admit only to the extent that on or about October 3, 2008, Plaintiff interacted with Defendant Jack Molin in the City of Crystal, Hennepin County, State of Minnesota. Defendants deny the remaining allegations.

7.      In response to Paragraph 6, Defendants admit only to the extent that Plaintiff has filed this lawsuit in United States District Court, District of Minnesota.  Defendants admit the existence of 28 U.S.C. § 1291 and LR D. Minn. 83.11 and state they speak for themselves. Defendants deny the remaining allegations.

8.      In response to Paragraph 7, Defendants admit only to the extent that Plaintiff is an adult individual.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 7 and therefore deny same and put Plaintiff to his strict proof.

9.      In response to Paragraph 8, Defendants admit that Jack Molin is an adult individual.

10.     In response to Paragraph 9, Defendants admit only to the extent that at all times relevant hereto Jack Molin acted in his official capacity as building official for the City of Crystal.  Defendants affirmatively allege Plaintiff's actions asserted against Jack Molin and City of Crystal are official capacity actions only.  Defendants deny the remaining allegations.

11.     In response to Paragraph 10, Defendants admit only to the extent that Plaintiff claims the allegation.  Defendants further state that at all times relevant hereto Jack Molin acted in his official capacity as a building official for the City of Crystal and allege that Plaintiff's actions asserted against Jack Molin are official capacity actions only.  Defendants deny the remaining allegations.

12.     Defendants admit Paragraph 11, except that the correct address is 4141 Douglas Drive, Crystal, Minnesota 55422.

13.     Defendants admit Paragraph 12.

14.     In response to Paragraph 13, Defendants admit only to the extent that Defendant City of Crystal may be vicariously liable for the acts and omissions of its agents, employees and representatives by and through the doctrine of respondeat superior.  Defendants deny the remaining allegations.

15.     In response to Paragraph 14, Defendants admit only to the extent that on or about October 3, 2008, Plaintiff came to Crystal City Hall regarding a stop work order and permit for 6311 Corvallis, Crystal, MN.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 14, and therefore deny same and put Plaintiff to his strict proof.

16.     Defendants are without sufficient information or knowledge to admit or deny Paragraphs 15, 16, 17 and 18.

17.     In response to Paragraphs 19 thru 30, Defendants admit only to the extent that (1) Plaintiff arrived at City Hall and informed Jenny Gooden, Customer Service Representative,  that he needed a permit because of a stop work order, (2) Ms. Gooden asked for an address and Plaintiff provided the address of 6311 Corvallis, (3) Ms. Gooden contacted Jack Molin, building

official, and Mr. Molin advised he would come to the front desk to speak to the customer, (4) Mr. Molin came to the front desk.  Defendants deny the remaining allegations.

18.    Defendants deny Paragraph 31.

19.    In response to Paragraph 32, Defendants admit only to the extent that Plaintiff stated he was not the owner of the property.  Defendants deny the remaining allegations.

20.    Defendants deny Paragraphs 33, 34, and 35.

21.    Defendants are without sufficient information or knowledge to admit or deny Paragraph 36 and therefore deny same and put Plaintiff to his strict proof.

22.    Defendants deny Paragraphs 37, 38 and 39.

23.    In response to Paragraph 40, Defendants admit only to the extent that Janet Lewis, former City Clerk, provided Plaintiff with the names of Jenny Gooden, Jessie Hofseth, Gail Van Krevelen and Tracy Thorstenson, the city employees present at or near the front desk in the City Hall office on October 3, 2008. Defendants deny the remaining allegations.

24.    In response to Paragraph 41, Defendants admit only to the extent that Plaintiff stated to Mr. Molin, "don't have a tantrum."  Defendants deny the remaining allegations.

25.    In response to Paragraph 42, Defendants admit only to the extent that Plaintiff informed Mr. Molin that he was not the owner of the property.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations, and therefore deny same and put Plaintiff to his strict proof.

26.    In response to Paragraph 43, Defendants admit only to the extent that Plaintiff inquired what information was needed for a permit and Mr. Molin advised Plaintiff that only the owner or contractor could request a permit.  Defendants deny the remaining allegations of Paragraph 43.

27.     In response to Paragraph 44, Defendants admit only to the extent that permits had been issued for 6311 Corvallis prior to October 3, 2008.   Defendants deny the remaining allegations.

28.     Defendants deny Paragraphs 45 and 46.

29.      In response to Paragraphs 47, 48 and 49, Defendants admit only to the extent that Mr. Molin walked into the lobby area, walked with Plaintiff to the front door and said good-bye as Plaintiff walked out the door.  Defendants deny the remaining allegations.

30.     Defendants are without sufficient information or knowledge to admit or deny Paragraph 50, and therefore deny same.

31.     In response to Paragraphs 51 to 61, Defendants admit only to the extent that (1) Plaintiff returned to the front desk stating he wanted to file a complaint against Mr. Molin and asked for a complaint form, (2) Ms. Gooden explained Plaintiff could contact Mr. Molin's supervisor and gave Plaintiff the business card for Patrick Peters, Mr. Molin's supervisor, (3) Mr. Molin returned to the front desk and asked Plaintiff why he was back, (4) Plaintiff stated he returned to file a complaint against Mr. Molin, (5) Plaintiff left City Hall.  Defendants deny the remaining allegations.

32.     Defendants are without sufficient information or knowledge to admit or deny Paragraph 62 and therefore deny same.

33.     In response to Paragraphs 62 to 65, Defendants admit only to the extent that on October 3, 2008, Sgt. Steve Holm spoke with Plaintiff regarding the alleged incident. Defendants deny the remaining allegations.

34.     Defendants are without sufficient information or knowledge to admit or deny Paragraphs 66, 67, 68 and 69, and therefore deny same and put Plaintiff to his strict proof.

35.     Defendants admit Paragraph 70.

36.     In response to Paragraphs 71 and 72, Defendants admit only to the extent that Sgt. Steve Holm informed Plaintiff that if he wanted to file a complaint, he should contact Patrick Peters, Mr. Molin's supervisor, and gave Plaintiff Mr. Peters' business card. Defendants deny the remaining allegations.

37.     Defendants deny Paragraphs 73, 74, 75 and 76.

38.     In response to Paragraph 77, Defendants admit Plaintiff left the police station.

39.     In response to Paragraphs 78 and 79, Defendants admit only to the extent that Janet Lewis, former City Clerk, spoke with Plaintiff and provided the names of Jenny Gooden, Jessie Hofseth, Gail Van Krevelen and Tracy Thorstenson, the city employees present at or near the front desk in the City Hall office on October 3, 2008.  Defendants deny the remaining allegations.

40.     Defendants deny Paragraphs 80 and 81.

41.     In response to Paragraph 82, Defendants admit only to the extent that the City of Crystal received a Notice of Claim dated October 9, 2008.  Defendants deny the remaining allegations.

42.     In response to Paragraph 83, Defendants state that permit information for 6311 Corvallis could only be provided to the owner of the property or a contractor.  Defendants further state that as of October 9, 2009, neither the owner of the property nor a contractor requested permit information for 6311 Corvallis.  Defendants deny Paragraph 83.

43.     Defendants deny Paragraphs 84 and 85.

44.     In response to Paragraph 86, Defendants adopt and restate their responses to Paragraphs 1 through 85 as set forth above.

45.    Defendants deny Paragraphs 87 and 88.

46.    In response to Paragraph 89, Defendants adopt and restate their responses to Paragraphs 1 through 88 as set forth above.

47.    Defendants deny Paragraph 87 (sic – second paragraph numbered 87).

48.    Defendants deny Paragraph 90.

49.    In response to Paragraph 91, Defendants adopt and restate their responses to Paragraphs 1 through 90 as set forth above.

50.    Defendants deny Paragraphs 92 and 93.

51.    In response to Paragraph 94, Defendants adopt and restate their responses to Paragraphs 1 through 93 as set forth above.

52.    Defendants deny Paragraphs 95 and 93 (sic – second paragraph numbered 93).

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

2.    This Court lacks subject matter jurisdiction over some of Plaintiff's claims.

3.    Plaintiff's Complaint fails to the extent that any statements allegedly made by or on behalf of these answering Defendants with regard to Plaintiff were truthful.

4.    Plaintiff's damages, if any, were caused by Plaintiff's own fault or wrongful conduct.

5.    If, in fact, Plaintiff sustained any damages, such damages were caused by or solely the result of Plaintiff's own fault which bars his recovery or limits his recovery to the extent of his own comparative fault.

6.     That Plaintiff's pretended cause of action may be reduced by Plaintiff's fault, if any, as defined by Minn. Stat. §604.01, and further alleges that the Plaintiffs' cause of action may be barred by his complicity and primary assumption of the risk.

7.     Defendants allege as an affirmative defense the state tort allegations in Plaintiff's Complaint set forth a cause of action for the performance or failure to perform a discretionary function or duty and this action is barred by Minnesota Statutes § 466.03, Subd. 6.  Additionally, the other statutory protections of Minnesota Statutes § 466 are applicable to this case.

8.     If Defendant is liable to Plaintiff under state law, their liability for damages is limited pursuant to Minn. Stat. § 466.03, subd. 8, and § 466.04.

9.     Defendants affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

10.    Defendants affirmatively allege that Plaintiff has not sustained a constitutional injury sufficient to state a claim under 42 U.S.C. § 1983 and 1988 or otherwise.  Defendants affirmatively allege that they did not violate Plaintiff's constitutional rights.

11.    That at all times Defendants acted within their constitutional, statutory and administrative authority, and at all times relevant hereto acted with legal justification and privilege.

12.    Defendant City, its agents and employees, at all times relevant hereto, acted in good faith, without malice and with reasonableness.

13.    Defendants affirmatively allege that Plaintiff's claims are barred by the public duty doctrine.

14.     Defendants affirmatively allege Plaintiff's claims are barred by the legal doctrines of absolute, qualified, statutory, official immunity and vicarious official immunity.

15.     Plaintiff's claims are barred by absolute privilege and/or qualified privilege.

16.     Plaintiff's claim for punitive damages is not properly pled, and even if it were, the claim cannot survive as these answering Defendants did not engage in any misconduct of any kind.

17.     Plaintiff has failed to mitigate damages, if any.

18.     Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitations and/or doctrines of laches, waiver, estoppel, consent and/or commission.

19.     Plaintiff's claims are barred by the two year statute of limitations pursuant to Minn. Stat. § 541.07.

20.     Plaintiff is not entitled to attorney's fees in this matter.

21.     Pending further discovery, these answering Defendants specifically reserve any other affirmative defenses, objections, or other defenses available to them under the applicable laws and Rules of Civil Procedure.

WHEREFORE, Defendants Jack Molin and City of Crystal pray that Plaintiff takes nothing by his pretended claims of relief and these answering Defendants be awarded judgment dismissing Plaintiff's Complaint and be awarded their costs, disbursements, and attorney's fees and such other relief as the Court deems just and equitable.

Date:  December 7, 2011

s/ James J. Mongé III
James J. Mongé III
Attorney Registration ID #029200X
League of Minnesota Cities
145 University Avenue West
St. Paul, MN 55103
Phone: (651) 281-1278
Fax: (651) 281-1298
E-mail: jmonge@lmc.org
Attorney for Jack Molin and City of Crystal