**PETER J. NICKITAS LAW OFFICE, L.L.C.**
ATTORNEY AT LAW
431 S. 7TH STREET, SUITE 2446
MINNEAPOLIS, MINNESOTA 55415-1854
TEL. 651.238.3445 – FAX 1.888.389.7890
EMAIL: PETERJNICKITASLAWLLC@GMAIL.COM, PETERN5@AOL.COM
LICENSED IN MINNESOTA AND WISCONSIN
GRAPHIC LABOR PROVIDED IN-HOUSE

31 July 2012

The Hon. Jeffrey J. Keyes
Magistrate Judge
U.S. Courthouse, Courtroom 6A
316 N. Robert St.
St. Paul, MN 55101

Re: Scheffler v. Molin et al., 11-cv-3279

Dear Clerk of Court:

      I represent plaintiff Troy K. Scheffler in the above lawsuit.  The court has under advisement pending motions by Mr. Scheffler to compel discovery by the defendants and to enlarge the scheduling order to allow leave to amend the complaint to add claims against the City of Crystal under the Minnesota Government Data Practices Act, particularly Minn. Stat. §§ 13.04 subd. 3, 13.43 subd. 2(a)(5), and 13.08 subd. 1 (damages and exemplary damages), 2 (declaratory and injunctive relief), and 4(a) (mandamus relief to compel production and civil penalty).  Your Honor expressed concerns over the timeliness of Mr. Scheffler's motion to amend, and expressed concerns over the defendants' concealment of discoverable material evidence.  New facts on the ground, not yet in existence at the time of the 11 July 2012 motion, show the City of Crystal has engaged in a new act of concealment in violation of Mr. Scheffler's rights of access under the Data Practices Act and his rights to discovery under Fed. R. Civ. P. 26(b)(1), 33, 34, and 37.

      On 23 July 2012, defendants Mr. Molin and City of Crystal served a supplemental answer to the plaintiff's first request for production of documents.  Please see the accompanying document, which also appears as exhibit 42 to the previously filed and served Fourth Declaration of Peter J. Nickitas.  The document includes a new Fed. R. Civ. P. 26(b)(5) privilege log, rife with documents whose sole noted basis of privilege is "MGDPA", a common abbreviation for "Minnesota Government Data Practices Act."

      In response to the defendants' supplemental production, I communicated the accompanying letter to the defendants' attorney, Ms. Jana O'Leary Sullivan of the League of Minnesota Cities.  This letter appears as exhibit 43 to the previously filed and served Fourth Declaration of Peter J. Nickitas.  This letter also appears as the filed and served "Meet and Confer Letter".  This letter documents the particular wrongful concealments of documents, in violation of Minn. Stat. § 13.43 subd. 2(a)(5), which I excerpt for Your Honor:

Letter to Magistrate Judge Jeffrey J. Keyes
Re: Scheffler v. Molin et al, 11-cv-3279
31 July 2012
Page 2

No item citing "MGDPA" as the privilege has any statutory citation. As you may recall, all data are presumably public data under the MGDPA unless the Act classifies data differently. The following items, identified by date and description, appear to have relevance to this lawsuit, yet the defendants withhold them for no reason other than "MGDPA":

| Date | Description |
| --- | --- |
| 04/01/08 | "Investigation-Workplace Conduct Policy Complaint w/Redaction |
| 02/14/11 | CBO Continuing Education Summary w/Redaction |
| Various 2002 – 12 | Performance Evaluation Forms |
| 09/24/10 | Discipline – Employee Conduct at September 9 Administrative Hearing with Redaction |
| 07/02/09 | "Other Personnel Documents" |
| 10/23/08 | Other personnel documents |
| 10/27/08 | Other personnel documents |
| 04/03/02 | Completed employment application with redactions |
| 04/09/02 | Miscellaneous notes and forms regarding employment interviewing |
| 09/2010 | Complaint investigation (Author: "various City of Crystal employees) |
| 10/2008 | Complaint investigation (Author:    "    "    "    "    ) |
| 03/2008 | Complaint investigation (Author:    "    "    "    "    ) |

As demonstrated and admitted by Crystal at hearing, Crystal violated Mr. Scheffler's right of access in October 2008 in its refusal to disclose the 22 October 2008 letter from City Manager Norris to Mr. Molin notifying him of his three-day unpaid suspension. This is strike one. Arguably, Mr. Scheffler could be accountable for not stating a Data Practices Act claim at the outset, seeing Mr. Norton December 2008 letter informing him that Crystal would disclose no more documents. Mr. Scheffler renewed his request for access through counsel in 2009. The 22 October 2008 letter was not disclosed then either. This is strike two. Arguably, Mr. Scheffler could be faulted for not stating a Data Practices Act claim at the outset, notwithstanding this second concealment.

Letter to Magistrate Judge Jeffrey J. Keyes
Re: Scheffler v. Molin et al., 11-cv-3279
31 July 2012
Page 3

  In disregard of Your Honor's expressed concerns for Crystal's concealment of discoverable, material evidence in violation of Fed. R. Civ. P. 26(b)(1) and 34, Crystal admits the existence of material, discoverable evidence *and continues to conceal these documents without lawful authority.*  This continued concealment obstructs Mr. Scheffler's ability to defend effectively against the defendants' dispositive motion, and hampers his ability to prosecute his First Amendment and common law defamation claims.  This eight-day-old, continued concealment is <u>strike three</u>.  The Court should grant Mr. Scheffler's motion for leave to enlarge the scheduling order per Fed. R. Civ. P. 16(b) and amend his complaint to state Data Practices Act claims against Crystal in accordance with Fed. R. Civ. P. 15(a).

                Very truly yours,

                /s/ *Peter J. Nickitas*

Enclosures               Peter J. Nickitas

cc: Jana O'Leary Sullivan, Attorney for defendants
  Mr. Troy K. Scheffler