UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy K. Scheffler,

   Plaintiff,

v.                Civil No. 11-3279 (JNE/JJK)
                  ORDER
Jack Molin and City of Crystal,

   Defendants.

Peter J. Nickitas, Peter J. Nickitas Law Office, LLC, appeared for Plaintiff Troy K. Scheffler.

Jana O'Leary Sullivan, League of Minnesota Cities, appeared for Defendants Jack Molin and City of Crystal.

  Troy Scheffler brought this action against the City of Crystal and one of Crystal's building inspectors, Jack Molin. Scheffler asserted claims under 42 U.S.C. § 1983 (2006) for violations of his rights under the First and Fourteenth Amendments to the United States Constitution. He also asserted claims under state law for defamation. The case is before the Court on Crystal and Molin's motion for summary judgment, as well as Scheffler's motion for partial summary judgment. For the reasons set forth below, the Court grants Crystal and Molin's motion, denies Scheffler's motion, and dismisses this case.

## I. BACKGROUND

  Scheffler's claims arise out of an incident that took place on October 3, 2008. That day, Scheffler went to Crystal City Hall to ask about a stop work order that a building inspector had issued. A friend of Scheffler owned the property that was the subject of the stop work order. At the front desk, Scheffler spoke to an employee who was unable to address his concerns. The employee called for an inspector. Molin approached the front desk, the employee asked about

1

the property, and Molin started to yell at Scheffler. Molin spoke angrily, accused Scheffler of living at the property unlawfully, and accused Scheffler of being a criminal. Scheffler tried to explain that he was not the owner of the property, that he was a friend of the owner, and that he otherwise had nothing to do with the property. Scheffler urged Molin to calm down and stop yelling. Molin eventually walked into the lobby; stated, "Come with me, I have something to show you"; and escorted Scheffler out the front door.

After approximately 30 seconds, Scheffler returned to the front desk and asked the employee about filing a complaint against a city employee. The employee searched her desk. Seeing that Scheffler had returned, Molin approached the front desk and asked, "Why are you back?" Scheffler responded that he was there to file a complaint against Molin. Molin yelled at the employee to call the police. The employee eventually called the police. Scheffler told the employee that he simply wanted a form to file a complaint and would leave. The employee gave the business card of Molin's supervisor to Scheffler and indicated that the supervisor would be able to assist Scheffler with the complaint.

Scheffler left, walked next door to a police station, and informed a police employee that the police might be looking for him. Scheffler explained what had happened to a police sergeant. The sergeant asked Scheffler to wait for him to return. After approximately 15 minutes, the sergeant returned, handed the business card of Molin's supervisor to Scheffler, and stated that the supervisor had expressed interest in Scheffler filing a complaint. According to the sergeant, employees at the front desk stated that Scheffler had done nothing wrong and that Molin was "completely out of line." Scheffler left the police station.

A short time after he left the police station, Scheffler called the city clerk and told her about the incident with Molin. A few days later, Scheffler sent a notice of claim to Crystal in

which he expressed his intent to sue the city and recounted the incident with Molin. After investigating the incident, Crystal disciplined Molin.

In November 2011, Scheffler brought this action. He claimed that Molin had defamed him by calling him a criminal and that Crystal was liable for the defamation on the basis of respondeat superior. Scheffler also claimed that Molin had violated his rights under the First and Fourteenth Amendments. Crystal and Molin now move for summary judgment. Scheffler moves for summary judgment on the issue of Molin's liability for the alleged constitutional violations.

## II. DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.    Defamation**

Scheffler based his defamation claims against Crystal and Molin on Molin's statement that Scheffler is a criminal. According to Crystal and Molin, Scheffler, who commenced this action in November 2011, did not bring his defamation claims within the time allowed by the

two-year statute of limitations. *See* Minn. Stat. § 541.07(1) (2010); *Semler v. Klang*, 743 N.W.2d 273, 280 (Minn. Ct. App. 2007). At the motion hearing, Scheffler agreed to dismiss his defamation claims. Because Scheffler did not timely assert his defamation claims, the Court dismisses them.

**B.     Section 1983**

Scheffler's claims under § 1983 against Molin are based on Scheffler's second encounter with Molin on October 3, 2008.[1] According to Scheffler, Molin violated Scheffler's rights under the First and Fourteenth Amendments by yelling at the employee to call the police after Scheffler stated he had returned to the front desk to file a complaint against Molin. Scheffler claimed his rights under the speech clause and the petition clause were violated.

The First Amendment is made applicable to the states by the Fourteenth Amendment. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 336 n.1 (1995). "[T]he petition clause provides no lesser or greater guarantee of free expression than the speech clause." *Hoffman v. Mayor of Liberty*, 905 F.2d 229, 233 (8th Cir. 1990). To establish a First Amendment retaliation claim under § 1983, a plaintiff demonstrate (1) that he engaged in a protected activity, (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002).

---

[1]     At the motion hearing, Scheffler stated that his sole claim against Crystal was one for defamation. He did not assert a claim under § 1983 against Crystal.

In his reply memorandum, Scheffler asserted that he sued "Molin for the second encounter, and the second encounter alone."

4

According to Molin, Scheffler has no evidence that demonstrates Molin took an adverse action against Scheffler that would chill a person of ordinary firmness from continuing in protected activity. In his written submissions to the Court, Scheffler maintained that Molin had threatened Scheffler with arrest. At the motion hearing, Scheffler acknowledged that Molin had directed the employee to call the police.

None of the cases cited by the parties analyzed First Amendment retaliation claims that presented facts similar to those at issue in this case. Scheffler relied heavily on cases that involved retaliation or threats of retaliation against inmates who had filed prison grievances, *see Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); an individual who claimed he was arrested for spreading a religious message in a manner that officers found bizarre or for challenging the officers' right to demand identification, *see Gainor v. Rogers*, 973 F.2d 1379, 1388 (8th Cir. 1992); and retaliatory issuance of parking tickets to an individual who complained about the lack of enforcement of an ordinance prohibiting bicycle riding on sidewalks, *see Garcia v. City of Trenton*, 348 F.3d 726, 727-29 (8th Cir. 2003).

In a case not cited by the parties, the Third Circuit considered a retaliation claim based on facts somewhat similar to those presented in this case. *See Xenos v. Corvino*, 473 F. App'x 169 (3d Cir. 2012) (per curiam). In *Xenos*, the plaintiff filed a complaint against a postal employee. *Id.* at 170. After service of the complaint, the employee discriminated against the plaintiff by denying him service, threatening him, and screaming at him when he went to the post office. *Id.* The plaintiff contacted the employee's supervisor, who suggested that the plaintiff might want to go to a different post office. *Id.* A few days later, the plaintiff returned to the same post office,

5

and the employee threatened and screamed that he was going to call the police.[2]  *Id.*  The plaintiff contacted the supervisor, who advised the plaintiff not to return to that post office.  *Id.*  Assuming that the plaintiff was attempting to assert that the postal employee and other postal officials retaliated against him for filing a lawsuit against the employee, the Third Circuit concluded that the employee's "actions were not so egregious as to deter an ordinary person from exercising his First Amendment rights."  *Id.* at 172.

"'[C]riticism of public officials lies at the very core of speech protected by the First Amendment.'  Retaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability."  *Naucke*, 284 F.3d at 927 (alteration in original) (citation omitted).  "In some cases, embarrassment, humiliation and emotional distress may be sufficient to support a § 1983 claim.   But, it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise."  *Id.* at 928 (internal quotation marks omitted).

In this case, Scheffler returned to the front desk to file a complaint against Molin.  Molin yelled at the employee who was assisting Scheffler to call the police.  Scheffler told the employee that he simply wanted a form to file a complaint and would leave.  He walked to the police station, talked to a sergeant, and waited a few minutes for the sergeant to return.  Later that day, Scheffler told the city clerk about the incident.  A few days later, he sent a notice of claim to Crystal.  Viewing the record in the light most favorable to Scheffler, the Court

---

[2]  Although the parties had not cited *Xenos*, Scheffler was familiar with the case.  At the motion hearing, he distinguished it on the ground that it was a case "just about rudeness."  In *Xenos*, the plaintiff alleged that the postal employee "began to act threatening and scream[ed] that he was going to call the police" when the plaintiff returned to the post office.  473 F. App'x at 170.

concludes that Molin's yelled directive to call the police would not chill a person of ordinary firmness from continuing to engage in protected activity. *Cf. Williams v. City of Carl Junction*, 480 F.3d 871, 878 (8th Cir. 2007) ("And even if Williams could show that the officer issued this citation in retaliation for Williams's protected speech, Williams has not established that receipt of this citation would 'chill a person of ordinary firmness' from continuing to exercise his First Amendment rights to criticize the City."); *Garcia*, 348 F.3d at 729 ("The test is an objective one, not subjective. The question is not whether the plaintiff herself was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done."). The Court dismisses Scheffler's claims under § 1983.

### III.  CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Crystal and Molin's motion for summary judgment [Docket No. 34] is GRANTED.

2. Scheffler's motion for partial summary judgment [Docket No. 42] is DENIED.

3. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 10, 2012

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge